IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LLOYD T. SCHUENKE,

                                                                         ORDER

                Petitioner,

                                                                    08-cv-598-bbc

     v.

COUNTY OF MILWAUKEE, MILWAUKEE
COUNTY SHERIFF'S DEPARTMENT, MILWAUKEE
COUNTY SHERIFF'S DEPARTMENT HEALTH
SERVICES UNIT, JANE/JOHN DOE MILWAUKEE
COUNTY SHERIFF'S DEPARTMENT HEALTH
SERVICES UNIT DIRECTOR, JANE DOE MILWAUKEE
COUNTY SHERIFF'S DEPARTMENT HEALTH SERVICES
UNIT NURSE and SHERIFF DAVID CLARK,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 23, 2008 I denied petitioner's request for leave to proceed in forma pauperis because he did not qualify for in forma pauperis status under 28 U.S.C. § 1915(g). I found that on at least three prior occasions, petitioner was denied leave to proceed in forma pauperis in lawsuits that were legally frivolous: Schuenke v. Wisconsin Dept. of Corrections., 96-C-748 (W.D. Wis. Sept. 30, 1996); Schuenke v. County of Milwaukee, 97-C-46 (W.D. Wis. Jan. 30, 1997); and Schuenke v. Dept. of Corrections, 98-C-95 (W.D. Wis. Mar. 23, 1998). Also I found that petitioner's complaint did not allege facts from which an inference may be drawn that he is under imminent danger of serious physical

injury.

Now petitioner has moved for reconsideration. First, he argues that because he is a pretrial detainee and not a state prisoner he should not be subject to § 1915(g). Unfortunately, petitioner is incorrect. The applicable sections of 28 U.S.C. § 1915 read as follows:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> (h) As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

Petitioner admits that he is a person detained a facility who is accused of a violation of criminal law. Therefore, he is a "prisoner" for the purpose of § 1915(g).

Second, petitioner states, "Petitioner has real reason to believe that [respondent Jane Doe's} actions are a continuing practice." I understand petitioner to be saying that respondent Jane Doe, Milwaukee County Health Services Unit Nurse, is continuing to fail to change her latex gloves each time she administers tuberculosis injection shots to inmates. However, I cannot find that this places petitioner in imminent danger of serious physical

2

injury at the time he filed his complaint. He received his shot in the past and has not alleged that he would need to receive any more tuberculosis shots from respondent Jane Doe.

ORDER

IT IS ORDERED that petitioner's motion for reconsideration (dkt. # 2) is DENIED.

Entered this 5th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge